

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2013

# Richard Owens v. Frank Pravenzaro

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-2613

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"Richard Owens v. Frank Pravenzaro" (2013). *2013 Decisions.* Paper 220.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-409                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2613
_____

RICHARD OWENS,

Appellant

v.

FRANK PRAVENZARO, SOMERSET COUNTY SHERIFF; CHARLES M. O'NEILL,
WARDEN, SOMERSET COUNTY JAIL; JOHN DOE (NAME UNKNOWN);
BALLARD, PHYSICIAN AT SOMERSET COUNTY JAIL; NURSE REPTUS-QUINN,
MEDICAL SUPERVISOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 3-09-cv-00254)
District Judge: Honorable Mary L. Cooper
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 29, 2013
Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: September 13, 2013)

_____

OPINION
_____

1

PER CURIAM

Richard Owens is a New Jersey prisoner. In January 2009, he commenced this civil action pursuant to 42 U.S.C. § 1983, alleging: (1) cruel and unusual punishment while incarcerated at the Somerset County Jail ("SCJ") based on the conditions of his confinement; (2) a physical assault by an unidentified SCJ official; (3) deliberate indifference by SCJ medical staff to his serious medical conditions; and (4) tampering with his legal correspondence by SCJ officials.

In November 2010, after more than 120 days of inactivity, the Clerk issued notice that Owens' case would be dismissed for lack of prosecution in thirty days in accordance with District of New Jersey Local Civil Rule 41.1(a) (the local rule counterpart to Fed. R. Civ. P. 41(b)). In December 2010, the District Court issued an order dismissing the case without prejudice. In December 2012, Owens moved to reopen the case and for appointment of counsel, asserting that his failure to prosecute was due to protracted mental illness.

The District Court denied Owens' motion to reopen, which it construed as brought under Federal Rule of Civil Procedure 60(b)(6). The District Court observed that Owens waited nearly two years before requesting the case be reopened and that, despite claiming mental incapacity, Owens remained capable of pursuing relief contemporaneously in another case pending before the District Court. See Owens v. Volunteers of Am. Del. Valley-Promise, D.N.J. Civil No. 1:08-cv-04612. Accordingly, the District Court concluded that Owens failed to seek relief "within a reasonable time" as required by the

2

rule, see Fed. R. Civ. P. 60(c)(1), and failed to establish "exceptional circumstances" justifying relief. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). The District Court also denied the motion seeking appointment of counsel as moot.

Owens appeals pro se. Because we granted him leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous. An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We conclude that there is no arguable basis to find that the District Court abused its discretion in denying Owens' motion to reopen for the reasons set forth in its opinion. We also agree that his motion seeking appointment of counsel was properly denied. Accordingly, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).